FILED
United States Court of Appeals
Tenth Circuit

August 30, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRIAN DALE LARSEN,

    Defendant - Appellant.

No. 17-4003
(D.C. No. 1:15-CR-00101-TS-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.
_____

After entering into a plea agreement that included an appeal waiver, Brian

Dale Larsen pleaded guilty to possession of methamphetamine with intent to

distribute. As part of the plea agreement, the government agreed to: (1) dismiss

three other counts of the indictment; (2) not to file a sentence enhancement; and

(3) recommend at sentencing a term of incarceration within the Sentencing

Guidelines (Guidelines) range determined by the district court. For his part, Larsen

acknowledged that the statutory mandatory minimum for the possession charge was

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

ten years and the maximum term was life imprisonment. He further acknowledged that the final calculation of his sentence made by the court might be different from other calculations made by himself or others, but nonetheless agreed to waive his right to appeal the sentence except where the sentence was above the mandatory maximum penalty or above the high end of the Guidelines range as determined by the court.

The Presentence Investigation Report calculated a Guidelines sentence range of 188 to 235 months, which the district court accepted. At sentencing, Larsen argued that his criminal history was overrepresented and requested the ten year mandatory minimum. The court denied the request citing Larsen's criminal history and weapons charges that were dismissed by the government, and sentenced him to 188 month's imprisonment—the low end of the Guidelines range and below the statutory maximum of life imprisonment.

Despite the waiver, Larsen has filed a notice of appeal to challenge "[w]hether the Sentencing Guidelines were properly calculated, and . . . [w]hether the sentence was reasonable." Dktg. Stmt. at 4. The government has moved to enforce the appeal waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

In response to the motion to enforce, Larsen's counsel says that there is no reason to deny the government's motion. This court gave Larsen an opportunity to file a pro se response to the motion to enforce. There has been no response.

We have reviewed the motion to enforce and the record and conclude that Larsen's proposed appeal falls within the scope of the appeal waiver, that he knowingly and voluntarily waived his appellate rights, and that enforcing the waiver would not result in a miscarriage of justice. *See id*. at 1325 (describing the factors to consider when determining whether to enforce an appellate waiver).

We grant the motion to enforce the appeal waiver and dismiss the appeal.

<div style="margin-left:40%">

Entered for the Court
Per Curiam

</div>